IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Exzavien Bligen, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:19-cv-3002-BHH |
| v. ) | |
| ) | **ORDER** |
| Carl Amber Brian Isaiah and ) | |
| Associates d/b/a CBAIA Logistics ) | |
| Services, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Exzavien Bligen's ("Plaintiff" or "Bligen") complaint against Defendant Carl Amber Brian Isaiah and Associates d/b/a CBAIA Logistics Services ("Defendant" or "CBAIA"), alleging claims for race discrimination, retaliation, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1967 ("Title VII").  Defendant filed a motion for summary judgment, asserting that all of Plaintiff's claims fail because Plaintiff was not employed by CBAIA.  The matter was referred to a United States Magistrate Judge for initial review, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

On January 5, 2022, Magistrate Judge Thomas E. Rogers III issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment.  Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a reply.  For the reasons set forth herein, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

**STANDARDS OF REVIEW**

I.     **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

II.    **Federal Rule of Civil Procedure 56**

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **ANALYSIS**

As an initial matter, the Court notes that the Magistrate Judge thoroughly and accurately outlined the facts of this case as supported by the evidence of record. (ECF No. 48 at 1-3.) No party has objected to the Magistrate Judge's recitation of the facts, and the Court adopts and specifically incorporates this portion of the Magistrate Judge's Report in this order without repeating the facts herein.

Next, after outlining the relevant facts, the Magistrate Judge explained the applicable law and thoroughly considered Defendant's argument that Plaintiff's claims fail because CBAIA was not a joint employer of Plaintiff (along with DAV-Force). As the Magistrate Judge correctly explained, an entity can be held liable under Title VII only if it is an "employer" of the complainant. Title VII defines an "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). Additionally, Title VII defines an "employee" as "an individual employed by an employer." *Id.* § 2000e(f).

As the Magistrate Judge further explained, the Fourth Circuit has instructed courts to construe Title VII's definition of "employer" liberally, explaining that Title VII's broad, remedial purpose "militates against the adoption of a rigid rule strictly limiting 'employer' status under Title VII to an individual's direct or single employer." *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 410 (4th Cir. 2015) (quoting *Magnuson v. Peak Technical*

*Servs., Inc.*, 808 F. Supp. 500, 508 (E.D. Va. 1992)). To that end, the Fourth Circuit has recognized the joint employer doctrine, where two parties may be considered joint employers of the same employee and therefore may be liable for employment discrimination "if they 'share or co-determine those matters governing the essential terms and conditions of employment.'" *Id.* at 408 (quoting *Bristol v. Bd. of Cnty. Comm'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002)). The Fourth Circuit has instructed district courts considering whether an individual is jointly employed by two or more entities to apply a "hybrid test" by evaluating the following factors:

> (1) authority to hire and fire the individual;
> (2) day-to-day supervision of the individual, including employee discipline;
> (3) whether the putative employer furnishes the equipment used in the place of work;
> (4) possession of and responsibility over the individual's employment records, including payroll, insurance, and taxes;
> (5) the length of time during which the individual has worked for the putative employer;
> (6) whether the putative employer provides the individual with formal or informal training;
> (7) whether the individual's duties are akin to a regular employee's duties;
> (8) whether the individual is assigned solely to the putative employer; and
> (9) whether the individual and putative employer intended to enter an employment relationship.

*Id.* at 414 (footnote omitted). The Fourth Circuit has noted that no one factor is determinative and that the "common-law element of control remains the 'principal guidepost' in the analysis." *Id.* According to the Fourth Circuit:

> Three factors are the most important. The first factor, which entity or entities have the power to hire and fire the putative employee, is important to determining ultimate control. The second factor, to what extent the employee is supervised, is useful for determining the day-to-day, practical control of the employee. The third factor, where and how the work takes place, is valuable for determining how similar the work functions are compared to those of an ordinary employee. When applying the joint employment factors, however, "no one factor is determinative, and the consideration of factors must relate

4

> to the particular relationship under consideration." *Cilecek*, 115 F.3d at 260. Courts should be mindful that control remains the principal guidepost for determining whether multiple entities can be a plaintiff's joint employers.

*Id.* at 414-15.

In applying the applicable law to the facts, the Magistrate Judge found as follows: (1) there is no evidence that CBAIA had any authority to hire or fire Plaintiff, weighing against Plaintiff's argument that CBAIA was a joint employer of Plaintiff; (2) there are competing facts with respect to the second factor; (3) Plaintiff used CBAIA's equipment and tools during his employment, weighing in favor of Plaintiff's argument that CBAIA was a joint employer of Plaintiff; (4) there is no evidence that CBAIA had responsibility for Plaintiff's employment records, including payroll, insurance, and taxes, weighing against Plaintiff's argument that CBAIA was a joint employer of Plaintiff; (5) Plaintiff began working at the Navy Base in February of 2018 and worked with CBAIA during the entire time, although at times Plaintiff reported to Cheyanne Strachota ("Strachota"), the DAV–Force employee supervising work performed by DAV-Force employees at the Navy Base, and at some point Plaintiff bypassed Strachota and went directly to Justin Hicks ("Hicks"), a CBAIA supervisor; (6) Hicks provided Plaintiff with training to work at the Navy Base, weighing in favor of Plaintiff's argument that CBAIA was a joint employer of Plaintiff; (7) the workload for DAV-Force employees differed from the workload for CBAIA employees, weighing against Plaintiff's argument that CBAIA was a joint employer of Plaintiff; (8) Plaintiff worked with CBAIA employees the entire time he was assigned to the Navy Base, weighing in favor of Plaintiff's argument that CBAIA was a joint employer; and (9) there is no evidence indicating that Plaintiff or CBAIA intended to enter into an employment relationship, weighing against Plaintiff's argument that CBAIA was a joint employer of Plaintiff.

Ultimately, the Magistrate Judge noted that there was no contractual relationship between DAV-Force and CBAIA as contemplated by *Butler*, and the Magistrate Judge explained that, although some of the factors weighed in favor of finding that CBAIA was Plaintiff's joint employer, "when considering all of the factors together as a whole and keeping in mind the ultimate goal of determining whether CBAIA exercised 'significant control' over Plaintiff, Plaintiff fails to show that a genuine dispute of material fact exists on this issue." (ECF No. 48 at 13.) Accordingly, the Magistrate Judge found that CBAIA was not a joint employer of Plaintiff and that it cannot be liable for the Title VII claims alleged in this case.

In his objections to the Magistrate Judge's Report, Plaintiff asserts that the "Magistrate Judge erred by incorrectly analyzing the joint employer doctrine and erroneously weighing the factors relied on by the court in *Butler*." (ECF No. 49 at 1.) Specifically, Plaintiff objects to the Magistrate Judge's analysis of the first three factors. (*Id.* at 2.)

First, Plaintiff asserts that the Magistrate Judge erred in finding that the first factor–whether CBAIA had the authority to hire and fire Plaintiff–weighed against finding that CBAIA was a joint employer of Plaintiff. Plaintiff asserts that although he initially began working for DAV-Force in January of 2017 under one government contract, he was assigned to a new government contract in February of 2018 and was placed at the Naval Base in North Charleston. Plaintiff further references his testimony that CBAIA was "a company that hold[s] a contract under the – that we were working for." (*Id.* at 3 (citing ECF No. 35-4 at 12).) Then, Plaintiff states, without any reference to the record, that CBAIA had "the ability to determine the outcome of Plaintiff's employment" and "the authority to hire

6

or fire the Plaintiff." Finally, Plaintiff asserts that there is a genuine dispute of material fact on this issue. (*Id.*)

After review, the Court finds Plaintiff's objection entirely without merit. In analyzing whether the record contains evidence to show that CBAIA had the authority to hire or fire Plaintiff, the Magistrate Judge thoroughly analyzed Plaintiff's testimony, and Plaintiff's objection fails to point out any error in the Magistrate Judge's analysis. In other words, the Court finds it wholly insufficient for Plaintiff to assert, without any citation to evidence in support, that CBAIA had the authority to hire or fire the Plaintiff when the record before the Court, as thoroughly outlined by the Magistrate Judge, clearly indicates otherwise. Therefore, the Court finds no error in the Magistrate Judge's determination that the first *Butler* factor, which "is important to determining ultimate control," weighs against finding that CBAIA was a joint employer of Plaintiff. *Butler*, 793 F.3d at 414.

Although Plaintiff asserts in his objections that the Magistrate Judge erred in his analysis of the first three factors, Plaintiff actually asks the Court to adopt the Magistrate Judge's Report as to the second *Butler* factor.[1] (ECF No. 49 at 4.) Additionally, Plaintiff asserts that the Magistrate Judge correctly determined the third factor, and Plaintiff agrees with the Magistrate Judge's conclusion that the third factor weighs in favor of finding that CBAIA was a joint employer of Plaintiff.[2] (*Id.*) Because Plaintiff's remaining objections

---

[1] As outlined above, the Magistrate Judge found competing facts with respect to the second *Butler* factor. Specifically, the Magistrate Judge noted that Plaintiff worked alongside CBAIA employees on a daily basis and that Plaintiff initially reported to his DAV-Force supervisor, Strachota, but that at some point Plaintiff began bypassing Strachota and reporting to a CBAIA supervisor, Hicks.

[2] With respect to the third *Butler* factor, the Magistrate Judge explained that although Plaintiff worked on a government site, which was neutral to the analysis, Plaintiff used CBAIA's equipment and tools during his employment, which weighed in favor of Plaintiff's argument that CBAIA was a joint employer of Plaintiff.

7

actually support the Magistrate Judge's analysis of the second and third *Butler* factors, presumably his objection is that the Magistrate Judge erred by failing to give greater weight to the second and third factors when ultimately finding that CBAIA was not a joint employer of Plaintiff.  Importantly, however, Plaintiff's objections wholly overlook the Magistrate Judge's analysis of the remaining *Butler* factors, as well as the Magistrate Judge's comparison of the specific facts of this case to those in *Butler*.  Moreover, as the Magistrate Judge properly explained, the crux of the inquiry is control–i.e., whether a putative employer exercises significant and effective control over an individual's employment–and no one factor is dispositive.

Here, after review and in considering the fact-specific context of the relevant work setting, including the fact that CBAIA did not contract with DAV-Force, and the fact that CBAIA and DAV-Force each had their own contracts with the government while performing work at the Navy Yard, the Court finds no error in the Magistrate Judge's consideration of the *Butler* factors, which are not intended for mechanical application.  Ultimately, the Court is mindful that control is the guidepost, and after balancing all of the *Butler* factors, including the first three, the Court finds no merit to Plaintiff's objections, and the Court agrees with the Magistrate Judge's determination that CBAIA was not Plaintiff's joint employer and therefore cannot be held liable for Plaintiff's Title VII claims.

**CONCLUSION**

Based on the foregoing, the Court overrules Plaintiff's objections (ECF No. 49); the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 48); and the Court grants Defendant's motion for summary judgment (ECF No. 35).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 22, 2022
Charleston, South Carolina